**FILED**

IN THE UNITED STATES DISTRICT COURT
UNITED STATES DISTRICT COURT
ALBUQUERQUE. NEW MEXICO

FOR THE DISTRICT OF NEW MEXICO        **JUL 1 7 2006**

NINO and MISTY ORTEGA, individually and
as parents and guardians of minor child, A.O.,

       Plaintiffs,

v.

ARTHUR R. BROKOP and FARMINGTON
PUBLIC SCHOOLS,

       Defendants.

**MATTHEW J. DYKMAN**
**CLERK**

Civ. No. 04-0262 BB/RLP

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1.     This matter comes before the court on Plaintiffs' Motion for Entry of Pre & Post Judgment Interest on the Judgment and Interest on Costs.  Plaintiffs seek recovery of pre-judgment interest pursuant to NMSA (1978) § 56-8-4(B) and recovery of post-judgment interest pursuant to 28 U.S.C. § 1961.

2.     This case arose under 28 U.S.C. § 1983.  "The issue of interest in a federal question case is governed by federal law."  *Federal Deposit Ins. Corp. v. Rocket Oil Co.*, 865 F.2d 1158, 1159 (10th Cir. 1989).  New Mexico law is therefore not applicable.

3.     Section 1961(a) provides in pertinent part: "Interest shall be allowed on any *money judgment* in a civil case recovered in a district court."  (Emphasis added.) Section 1961(a) applies only to post-judgment interest.  *Caldwell v. Life Ins. Co. of N. America*, 287 F.3d 1276, 1287 (10th Cir. 2002).  Post-judgment interest under § 1961 applies only to

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R), that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to the R&R.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the R&R.  If no objections are filed, no appellate review will be allowed.



"money judgments" that are "recovered" in a district court. When parties enter into a settlement agreement, no court adjudication of suit has occurred and Plaintiffs are not entitled to post-judgment interest. *See Pillow v. Bechtel Const.*, 201 F.3d 1348, 1351 (11th Cir. 2000) (citing cases).

4. Whether prejudgment interest should be allowed is left to the court's broad discretion. *Rocket Oil Co.*, 865 F.2d at 1159. In this case, the parties reached a settlement agreement which neither party contends provided for the payment of prejudgment interest. In such a case, Plaintiffs waived their right, if any, to prejudgment interest when they signed the settlement agreement. *Bowers v. Firestone Tire & Rubber Co.*, 832 F.2d 64, 65 (5th Cir. 1987); *Gilbert v. Federal Deposit Ins. Corp.*, 950 F. Supp. 1194, 1199 (D.C. Cir. 1997); *Fears v. Wilhelmina Model Agency*, 2005 WL 1325297, *3 (S.D.N.Y. 2005) (unpublished opinion).

5. Finally, even if New Mexico's statutory provision for prejudgment interest, N.M.S.A. (1978) § 56-8-4 were applicable here, as the parties argue, that statute requires the court to inquire as to whether Plaintiffs caused any delay between the filing of the complaint and the date of judgment and whether Defendant had previously made a reasonable and timely offer. *Southard v. Fox*, 833 P.2d 251, 252 (N.M.Ct. App. 1992).

6. From the record submitted, it is undisputed that Defendant made continual settlement offers to Plaintiffs, did not delay its payment to Plaintiff when settlement was reached, and it was Plaintiffs who took an additional two to three months for the appointment of a guardian *ad litem* to approve the settlement. Thus, even if applicable, § 56-8-4 would not entitle Plaintiff to prejudgment interest.

2

7.   Although the title of Plaintiffs' Motion seeks an award of interest on costs, no such argument was made in the briefing and necessarily, no citation to any authority for such an award was given.

## RECOMMENDED DISPOSITION

I recommend that Plaintiffs' Motion for Entry of Pre and Post Judgment Interest on the Judgment and Interest on Costs be denied.

Richard L. Puglisi
United States Magistrate Judge

3