IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NINO and MISTY ORTEGA, as parents
and guardians of minor child, A.O.,

    Plaintiffs,

v.                                                                            Civ. No. 04-0262 BB/RLP

ARTHUR R. BROKOP and
FARMINGTON PUBLIC SCHOOLS,

    Defendants.

**MAGISTRATE JUDGE'S SUPPLEMENTAL REPORT AND RECOMMENDATION**[1]

    1.    This matter comes before the Court on Plaintiffs' filed objections to the Magistrate Judge's Report and Recommendation [Doc. 57], which denied Plaintiffs' pre- and post-judgment interest due to the case having been settled. Plaintiffs assert that there was a Judgment entered by the Court, pursuant to their acceptance of Defendants' Rule 68 Offer of Judgment. *See* Judgment [Doc. 25]. That Judgment is silent as to any interest awards.

    2.    As held by the Tenth Circuit Court of Appeals:

> The interpretation and application of Rule 68 is a matter of federal law. The question is whether a Rule 68 consent judgment for a specific sum, with no mention of pre-judgment interest, may be altered by a plaintiff's subsequent motion for pre-judgment interest. We hold that a Rule 68 consent judgment for a sum certain must, absent indication otherwise, be deemed to include pre-judgment interest.

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R), that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to the R&R. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.

*Mock v. T.G.&Y. Stores Co.*, 971 F.2d 522, 527 (10th Cir. 1992).

    3.    Plaintiffs are not entitled to prejudgment interest. There is no indication in the Judgment that prejudgment interest is to be added to the sum of settlement.

    4.    Apparently, the same reasoning does not apply to post-judgment interest.[2] The Defendants did not point the Court to any authority denying post-judgment interest when the offer does not include the amount.

    5.    Accordingly, Plaintiffs are entitled to an award of post-judgment interest as provided in 28 U.S.C. § 1961 from the date Judgment was entered until payment thereof, and interest on the costs awarded, pursuant to *Wheeler v. John Deere Co.*, 986 F.2d 413 (1993) and § 1961.

## RECOMMENDED DISPOSITION

I recommend that Plaintiffs' are entitled to an award of post-judgment interest and interest on costs as stated herein. I recommend that Plaintiffs be denied an award of pre-judgment interest.

                                            Richard L. Puglisi
                                            United States Magistrate Judge

---

[2] In *Henderson v. Horace Mann Ins. Co.*, 2006 WL 1878897 (N.D. Okla. 2006), the Judgment included post-judgment interest but was silent as to fees, costs, and prejudgment interest. The court allowed the plaintiff to recover costs and fees because it was defendant's burden to provide that the sum certain was inclusive of costs and fees. The court followed *Mock*, however, in denying recovery of prejudgment interest. *Henderson* involved state causes of action. The instant case was brought pursuant to 28 U.S.C. § 1983 and fees and costs would have been awarded to Plaintiffs if the Judgment were silent as to that point, *see Marek v. Chesney,* 473 U.S. 1 (1985), but not if the offer specifically provided that the sum certain was inclusive of fees and costs.